UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | § § § § | No. SA:14–CV–604–DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| GARRETT BEAN, ANEILIA BEAN, and MINERVA ALCORTA, | § § § | |
| Defendants. | | |

ORDER DENYING CROSS-CLAIMANTS' MOTION FOR SUMMARY
JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Cross-Claimants Garrett Bean and Aneilia Bean ("the Beans"). (Dkt. # 19.) On February 4, 2015, the Court heard oral argument on the Motion. Jefferey E. Dahl, Esq., appeared at the hearing on behalf of the Beans. Cross-Defendant Minerva Alcorta ("Alcorta") also appeared at the hearing. After reviewing the Motion and considering the arguments at the hearing, and for the reasons that follow, the Court **DENIES** Cross-Claimants' Motion for Summary Judgment. (Dkt. # 19.)

<u>BACKGROUND</u>

On November 22, 2013, Garry Bean, father of Cross-Claimants Garrett and Aneilia Bean, was killed by a gunshot wound.[1]  (Dkt. # 19 at 2; <u>Id.</u>, Ex. 2.)  A woman, whom the Beans contend was Alcorta, Garry Bean's fiancée, told law enforcement officers at the crime scene that she had shot her boyfriend.  (<u>Id.</u> at 2; <u>Id.</u>, Ex. 3.)  The Bexar County Medical Examiner's Office ruled Garry Bean's death a homicide.  (<u>Id.</u>; <u>Id.</u>, Ex. 4.)  Prior to his death, Garry Bean was employed by the Healing Staff.  (<u>Id.</u> at 1.)  His employment benefits included basic life insurance coverage and accidental death and dismemberment coverage underwritten by Plaintiff Guardian Life Insurance Company of America ("Guardian").  (<u>Id.</u>, Ex. 1.)  Alcorta was the primary beneficiary of the policy, while Garrett and Aneilia Bean were each 50% contingent beneficiaries.  (<u>Id.</u>)

In April 2014, Garrett and Aneilia Bean both submitted claims to Guardian.  (<u>Id.</u> at 2; <u>Id.</u>, Exs. 5, 6.)  Due to the circumstances surrounding Garry Bean's death, Guardian filed a complaint in interpleader naming the Beans and Alcorta as defendants.  (Dkt. # 1.)  Guardian chose to file an interpleader complaint instead of paying the life insurance policy benefits to Alcorta, the primary beneficiary, because Alcorta was "accused of [Garry Bean's] murder and/or

---

[1] Because cross-defendant Minerva Alcorta has not filed a response to this Motion or otherwise appeared in this case, the Court here relies on the statement of facts provided by the Beans.

causing his death." (Id. ¶ 15.) Alcorta has been served in this case, but has not filed an answer or otherwise appeared. (Dkt. # 11.) On July 28, 2014, the Beans filed an answer to Guardian's complaint and simultaneously filed a cross-claim against Alcorta. (Dkt. # 7.) In their cross-claim, the Beans asserted that Alcorta forfeited her right to any proceeds of the life insurance policy by willfully causing the death of the insured. (Id. ¶ 25.) The Beans claim that as a result, the proceeds of the policy should be divided equally between them as contingent beneficiaries. (Id.)

On October 27, 2014, the Court granted Guardian's Unopposed Motion for Granting of Interpleader, Deposit of Disputed Policy Benefit Less Attorneys' Fees and Costs, and Dismissal. (Dkt. # 16.) On November 3, 2014, the Court entered an Order to Receive and Deposit Monies into Court's Registry. (Dkt. # 18.) Pursuant to that Order, Guardian deposited $127,500, which represents the proceeds of Garry Bean's life insurance policy less reasonable attorneys' fees and costs, into the Court's registry. (Id.) On November 7, 2014, the Beans filed the Motion for Summary Judgment that is now before the Court. (Dkt. # 19.) Alcorta has not filed a response.

<u>LEGAL STANDARD</u>

Summary judgment is proper where the evidence demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Cannata v. Catholic Diocese of Austin</u>, 700 F.3d 169, 172 (5th Cir. 2012). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. <u>Davis v. Fort Bend Cnty.</u>, 765 F.3d 480, 484 (5th Cir. 2014) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with specific facts that establish the existence of a genuine issue for trial. <u>ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.</u>, 699 F.3d 832, 839 (5th Cir. 2012).

The court evaluates the proffered evidence in the light most favorable to the nonmoving party. <u>Mace v. City of Palestine</u>, 333 F.3d 621, 623 (5th Cir. 2003). The court "examines the pleadings, affidavits, and other evidence introduced in the motion, resolves any factual doubts in favor of the non-movant, and determines whether a triable issue of fact exists." <u>Leghart v. Hauk</u>, 25 F. Supp. 2d 748, 751 (W.D. Tex. 1998). However, "[u]nsubstantied assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." <u>Brown v. City of Hous.</u>, 337 F.3d 539, 541 (5th Cir. 2003).

A party's failure to file a response to a summary judgment motion does not permit the court to enter a "default" summary judgment. <u>Eversley v. Mbank Dall.</u>, 843 F.2d 172, 174 (5th Cir. 1988). However, when no response or

opposition is filed, the court is permitted to accept the movant's evidence as undisputed and may enter judgment in the movant's favor if the summary judgment evidence establishes a prima facie showing of the movant's entitlement to judgment.  Id.

DISCUSSION

The Beans ask the Court to grant summary judgment on their cross-claim against Alcorta and to order the District Clerk pay them each 50% of the interpled funds currently held in the Court's registry.  (Dkt. # 19 at 1.)  The Beans present the Court with three arguments in support of their Motion.  First, they allege that Alcorta forfeited her interest in the policy benefits under the Texas slayer statute.  (Id. at 3.)  Second, they contend that the Texas slayer statute is not preempted by ERISA.  (Id. at 3–4.)  Finally, they argue that even if ERISA does preempt the slayer statute, federal common law bars Alcorta from receiving any proceeds from the policy.  (Id. at 4.)

Under Texas law, "[a] beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in wilfully bringing about the death of the insured." Tex. Ins. Code § 1103.151.   A beneficiary need not be convicted of murder to forfeit his or her interest in the policy.  In re Estate of Stafford, 244 S.W.3d 368, 370 (Tex. App.—Beaumont 2008, no pet.) ("Section 1103.151 does not require a

5

'final conviction' before a beneficiary forfeits his rights to the proceeds."). Instead, a party seeking to establish that a beneficiary has forfeited his or her right to collect on the policy need only prove by a preponderance of the evidence that the beneficiary willfully brought about the death of the insured.  Medford v. Medford, 68 S.W.3d 242, 250 n.3 (Tex. App.—Fort Worth 2002, no pet.).  This may be proven by circumstantial evidence.  Reliastar Life Ins. Co. v. Thompson, No. M–07–140, 2008 WL 4327259, at *2 (S.D. Tex. Sept. 16, 2008) (citing Thomspon v. Mayes, 707 S.W.2d 951, 955 (Tex. App.—Eastland 1986, writ ref. n.r.e.).

In support of their contention that Alcorta killed Garry Bean, the Beans offer two pieces of evidence into the record.  (Dkt. # 19 at 3.)  First, they provide the Bexar County Sherrif's Office Offense Report noting that a woman told officers who arrived at the scene, "I shot my boyfriend."  (Dkt. # 19, Ex. 3.) Second, they provide an autopsy report from the Bexar County Medical Examiner's Office showing that Garry Bean's death was ruled a homicide.  (Id., Ex. 4.)  When ruling on a summary judgment motion, a court may consider only admissible evidence.  Fed. R. Civ. P. 56; Mersch v. City of Dall., 207 F.3d 732, 734–35 (5th Cir. 2000).  The Court notes that both pieces of evidence arguably suffer from hearsay or authentication issues.  However, the Court may consider otherwise inadmissible evidence if neither party objects to it.  Manis v. Lawson,

585 F.3d 839, 844 n.3 (5th Cir. 2009).  Because Alcorta has not filed a response,

the Court considers the evidence as undisputed.  Eversley, 843 F.2d at 174.

Based upon the evidence provided, the Court cannot safely conclude

by a preponderance of the evidence that Minerva Alcorta shot and killed Garry

Bean.  The police report relied upon by the Beans states:

> [W]e approached the front door and began knocking several times for
> someone to answer.  A short time (seconds) later a female (later to be
> identified as AP) came to the door on her cell phone crying
> historically [sic] with blood on both hands and on her shirt.  (AP) then
> stated "I shot my boyfriend, please help him."

(Dkt. # 19, Ex. 3 at 4.)  The report uses coded shorthand to identify people and

objects at the crime scene.  For example, "(C)" is the code symbol used to identify

Garry Bean, and "(E)" is the code symbol used to identify the gun found at the

scene.  (See id. at 1.)  The report states that "(AP)" confessed to shooting her

boyfriend, but never identifies who (AP) is.  Given this vital gap in the evidence,

the Court cannot find by a preponderance of the evidence that Alcorta shot and

killed Garry Bean.  Because the evidence does not sufficiently support the Beans'

contention that Alcorta willfully brought about Garry Bean's death, the Court finds

that the Texas slayer statute does not bar Alcorta, the primary beneficiary of Garry

Bean's life insurance policy, from collecting the proceeds.  Because that statute

does not apply to this case, the Court need not reach the question of whether it is

preempted by ERISA.

Finally, the Court notes that Alcorta appeared at the hearing held on this motion on February 4, 2015.  Alcorta represented to the Court that she had only learned of this matter at the end of January, and that she wished to hire an attorney to represent her in this case.  The Court therefore granted Alcorta one month to retain counsel.  The Court also advised Alcorta that if she could not obtain counsel, she may represent herself pro se in this matter.  Lastly, the Court advised the parties that if Alcorta or her counsel fails to make an appearance and file an answer in this case by March 4, 2015, the Court will enter default judgment against Alcorta.

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby **DENIES** Cross-Claimants' Motion for Summary Judgment.  (Dkt. # 19.)  Cross-Defendant Minerva Alcorta is **ORDERED** to obtain counsel in this matter.  If Alcorta or her attorney fails to make an appearance and file an answer in this case by **March 4, 2015**, the Court will enter a default judgment against Alcorta.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, February 4, 2015.

_____
David Alan Ezra
Senior United States Distict Judge

8