UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARRETT AND ANEILIA BEAN, | § | No. 5:14–CV–604–DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| MINERVA ALCORTA, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER GRANTING MOTION TO REINSTATE STAY

Before the Court is Defendant Minerva Alcorta's Opposed Motion to Reinstate Stay (Dkt. # 67). Plaintiffs Garrett and Aneilia Bean ("Plaintiffs") timely filed a Response (Dkt. # 68), and Defendant filed a Reply (Dkt. # 71). Pursuant to Local Rule 7(h), the Court finds the matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Defendant's Opposed Motion to Reinstate Stay (Dkt. # 67).

BACKGROUND

This case stems from a dispute over the proceeds of a life insurance policy held by Garry Bean and underwritten by Guardian Life Insurance Company of American ("Guardian"). (Dkt. # 1.) Guardian filed a complaint in interpleader because the primary beneficiary, Minerva Alcorta, was alleged to have caused Mr. Bean's death; his children, Garrett and Anelia Bean, made claims as contingent

1

beneficiaries, subjecting Guardian to competing claims.  (Dkt. # 1 ¶¶ 13–18.)  The Court granted interpleader, and Guardian deposited $127,500.00—the proceeds of Mr. Bean's life insurance policy, less reasonable attorneys' fees and costs—into the Court's registry.  (Dkts. ## 16–18.)

In September 2015, Alcorta was indicted in Texas state court for first-degree murder in connection with Gary Bean's death.  (Dkt. # 62–3, Ex. 3.)  In response to an unopposed motion, the Court stayed the civil case on January 12, 2016, pending the conclusion of the criminal case. (Dkt. # 57.)  In June 2016, Alcorta was convicted and subsequently filed a notice of appeal.  (Dkt. # 62–4, Ex. 4; Dkt. # 67–1, Ex 1.)  The following month the stay was vacated upon an unopposed motion by the Plaintiffs.  (Dkt. # 59.)

Defendant now seeks to reinstate the stay, arguing that the same reasons for that stay still apply—namely, the criminal case has not concluded because it is being appealed and, as a result, allowing this case to proceed would undermine the Defendant's Fifth Amendment right against self-incrimination in her criminal proceedings.[1]  (Dkt. # 67 at 3–5.)  Defendant requests that the court reinstate the stay until the final resolution of the direct appeal.  (Dkt. # 67 at 10.)

---

[1] The Court notes that Defendant should have raised these objections when Plaintiffs moved to vacate the stay in July 2016.  (Dkt. # 59.)  However, in light of the difficulty Defendant's counsel in the instant case has had in communicating with Defendant who is currently incarcerated (see Dkt. # 64, Ex. 1) and in the interests of justice, the Court is willing to address the merits of Defendant's Motion to Reinstate the stay at this time.

2

In response, Plaintiffs oppose the reinstatement of the stay on the basis that it would be unduly prejudicial to the expedient resolution of this case.  (Dkt. # 68 at 2–3.)

## LEGAL STANDARD

A stay of a pending matter is "within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."  In re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990).  This authority stems from a district court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Dominguez v. Hartford Fin. Servs. Grp., Inc., 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008) (quoting same).

In the context of parallel civil and criminal proceedings, "there is no general federal constitutional, statutory, or common law rule" barring their simultaneous prosecution.  Buehler v. City of Gonzales, No. 5:15–CV–198, 2015 WL 3651573, at *1 (W.D. Tex. June 11, 2015) (quoting Sec. Exch. Comm'n v. First Fin. Grp. of Tex., Inc., 659 F.2d 660, 666 (5th Cir. 1981)).  A district court may, however, in its discretion stay the civil action.  Id.  In ruling on requests for stays of the civil side of parallel proceedings, "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the

3

rules and policies applicable to one suit from doing violence to those pertaining to the other." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962). "Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" United States v. Little Al, 712 F.2d 133, 136 (5th Cir. 1983) (quoting First Fin. Grp. of Tex., 659 F.2d at 668). One such circumstance "is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." Alcala v. Tex. Webb Cty., 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009).

While by its terms applicable only in criminal proceedings, the Fifth Amendment "has long been held to extend to compelling answers by parties or witnesses in civil litigation . . . 'wherever the answer might tend to subject to criminal responsibility him who gives it.'" United States ex rel. Gonzales v. Fresenius Med. Care N. Am., 571 F. Supp. 2d 758, 761–62 (W.D. Tex. 2008) (quoting Nat'l Acceptance Co. of Am. v. Bathalter, 705 F.2d 924, 926 (7th Cir. 1983)). "The fact that the privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection." Wehling v. Columbia Broad. Sys., 608 F.2d 1084, 1086 (5th Cir. 1979). However, "[a] mere relationship between civil and criminal proceedings . . . does not necessarily warrant a stay." Gonzales, 571 F. Supp. 2d at 762 (citing In re Ramu Corp., 903

4

F.2d at 320).  To determine whether a stay of civil proceedings is warranted to protect an individual's Fifth Amendment rights, a court should consider the following six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Id. (quoting Sec. Exch. Comm'n v. AmeriFirst Funding, Inc., No. 3:07–CV–1188–D, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008)); Meyers v. Pamerleau, No. 5:15–CV–524–DAE, 2016 WL 393552, at *5 (W.D. Tex. Feb. 1, 2016).  The Court examines whether a stay is warranted, considering these six factors.

## ANALYSIS

1.  Whether the Issues in the Criminal and Civil Cases Sufficiently Overlap

The first and "most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." Meyers, 2016 WL 393552, at *6 (quoting AmeriFirst Funding, 2008 WL 866065, at *2).  Where there is significant overlap, self-incrimination is more likely and thus weighs in favor of a stay.  AmeriFirst Funding, 2008 WL 866065, at *2.  On the other hand, "'[i]f there is no overlap, there would be no danger of self-incrimination and accordingly no

need for a stay." Id. (quoting Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech. Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

While neither Defendant nor Plaintiffs address the six factors specifically, Plaintiffs admit in their Response that the criminal proceeding against the Defendant presents the "same issue" in this case: "namely whether or not she willfully caused the death of the insured, Garry Bean." (Dkt. # 68 at 2.) Despite the fact that Defendant was convicted of murder by a jury, she is contesting her conviction and this issue on appeal. (Dkt. # 67 at 2.) Because there is significant and perhaps even complete overlap between the issue presented in this case and Defendant's criminal proceeding, there is a significant danger of self-incrimination. Therefore, this first, and most important, factor weighs strongly in favor of staying the case.

　　2.　Whether the Status of the Criminal Case Weighs in Favor of a Stay

The second factor to be considered is the status of the criminal case. Gonzales, 571 F. Supp. 2d at 762. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." Id. at 762–63 (quoting Trs. of Plumbers & Pipefitters Nat'l Pension Fund, 886 F. Supp. at 1139).

Here, Defendant has been indicted, tried, and convicted for the murder of Mr. Bean. (Dkt. # 62–2, Ex. 2; Dkt. # 62–3, Ex. 3; Dkt. # 62–4, Ex. 4.)

However, Defendant's criminal case is still pending in the form of a direct appeal to the state intermediate appeals court. (Dkt. # 67–1, Ex. 1.) Plaintiffs argue that Defendant's conviction should be considered final. (Dkt. # 62 at 6; Dkt. # 68 at 4–5.)

Under Texas criminal law, however, Defendant's criminal conviction is not final, and her case is not complete. The Texas Court of Criminal Appeals has "repeatedly held that a judgment of conviction is not final while the conviction is on appeal." Lundgren v. State, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014). Given that the Defendant's criminal case is still pending on appeal and not yet final under Texas law, the second factor weighs in favor of a stay.

3. Whether Plaintiffs' Private Interests Outweigh the Prejudice Caused by a Delay

The court also weighs "the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay." Gonzales, 571 F. Supp. 2d at 762 (quoting AmeriFirst Funding, 2008 WL 866065, at *2). When evaluating the burden the plaintiff would bear as a result of a stay, a court "may require a plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue his claim." Akuna Matata Invs., Ltd. v. Tex. Nom Ltd. P'ship, No. SA–05–CV–1053–FB, 2008 WL 2781198, at *3 (W.D. Tex. Apr. 14, 2008). As to this factor, Plaintiffs argue that the civil case has been pending for over two years, the reasons for the stay are too speculative, and that

length of stay Defendant is requesting is too indefinite.  (Dkt. # 68 at 2.)

Defendant readily acknowledges that a stay will prolong this case and does not

refute Plaintiffs' assertion that they will be harmed.  (Dkt. # 67 at 9.)

While it is clear that Plaintiffs' interest in proceeding expeditiously

will not be advanced by a stay, they will not suffer prejudice other than a delay in

their right to pursue their claim.  In Gonzales, for example, the court found that a

stay could prevent the plaintiff "from obtaining the discovery necessary to prove

her case . . . because of the infirmity of potential witnesses."  Gonzales, 571 F.

Supp. 2d at 763.  By contrast, Plaintiffs do not identify any discovery that is

available now but would be unavailable later, should a stay be granted.  They have

not alleged that any witnesses to the incident will be unable to testify, nor that any

particular evidence will degrade if a stay is granted.  The Plaintiffs are unlikely to

face any significant prejudice if a stay is granted; accordingly this factor weights in

favor of granting a stay.

4.  <u>The Private Interests of the Defendant</u>

The court also considers the private interests of the defendant in

securing the stay and the burden that would result if the stay is denied.  Gonzales,

571 F. Supp. 2d at 762.  Defendant states that she is appealing her criminal

conviction, has not waived her Fifth Amendment privilege, and seeks to continue

to assert it as her criminal case proceeds.  (Dkt. #67 at 3.)  She argues that to

defend herself in this case she would be required to testify, undermining her Fifth Amendment right against self-incrimination.  (Id. at 2.)  Plaintiffs do not directly address the Fifth Amendment issue, but instead argue that the criminal conviction is enough to move forward to summary judgment in this case. (Dkt. #68 at 6–7.) The ongoing criminal appeal, however, does raise potential Fifth Amendment concerns for the Defendant that the Court considers in weighing this factor.

The Fifth Amendment "has long been held to extend to compelling answers by parties or witnesses in civil litigation . . . 'wherever the answer might tend to subject to criminal responsibility him who gives it.'"  Gonzales, 571 F. Supp. 2d at 761–62 (quoting Bathalter, 705 F.2d at 926).  As the Supreme Court has instructed, the Fifth Amendment "must be accorded liberal construction in favor of the right it was intended to secure."  Hoffman v. United States, 341 U.S. 479, 486 (1951).  In the context of criminal appeals in Texas, the Fifth Amendment's protections as to a specific crime extend until "direct appeals are over."  In re Medina, 475 S.W.3d 291, 300 (Tex. Crim. App. 2015) (citing Mitchell v. United States, 526 U.S. 314, 326 (1999)).

Here, given that Defendant has yet to waive her Fifth Amendment privilege in her criminal case and these Fifth Amendment concerns would be assuaged if a stay were granted pending Defendant's direct appeals, the Court determines that this factor weighs in favor of a stay.

5.  <u>The Interest of the Courts</u>

The interest of the courts is also considered in determining whether to grant a stay.  <u>Gonzales</u>, 571 F. Supp. 2d at 762.  "In determining the propriety of a stay, a court can consider its own interests in efficient administration and judicial economy."  <u>Id.</u> at 765.  Here, although Plaintiffs correctly note that this case has been ongoing for over two years, the Court concludes that granting a stay will not unduly interfere with its management of its docket.

6.  <u>The Public Interest</u>

Finally, the public interest is considered to determine whether a stay of civil proceedings is warranted to protect an individual's Fifth Amendment rights.  <u>Id.</u> at 762.  "The public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases."  <u>Id.</u> at 765 (quoting <u>In re CFS–Related Secs. Fraud Litig.</u>, 256 F. Supp. 2d 1227, 1242 (N.D. Okla. 2003)).  At the same time, the public also has an interest in protecting the constitutional rights of criminal defendants, even those who have been convicted but are contesting that conviction on appeal.  <u>See</u> <u>Meyers</u>, 2016 WL 393552, at *7.  Accordingly, where denying a stay risks endangering a defendant's Fifth Amendment rights and granting a stay will not significantly delay this case because Defendant's direct criminal appeal is limited, this factor weighs in favor of a stay.

Because each of the factors considered weighs in favor of a stay and in light of the court's wide discretion to order a stay given these special circumstances, this Court finds that Defendant's Motion to Reinstate Stay is **GRANTED** for the pendency of the direct appeal of Defendant's criminal case.

Where a suit is stayed during the pendency of a criminal proceeding, an administrative closure is appropriate.  <u>See Mire v. Full Spectrum Lending Inc.</u>, 389 F.3d 163, 167 (5th Cir. 2004).  An administrative closure is "a postponement of proceedings," rather than "a termination."  <u>S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.</u>, 383 F.3d 297, 302 (5th Cir. 2004).  A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."  <u>Mire</u>, 389 F.3d at 167.

<u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Reinstate Stay is **GRANTED** (Dkt. # 67).  Accordingly, this action is **STAYED** in its entirety until the direct appeal of the Defendant's criminal trial is complete.  The Clerk's Office is **DIRECTED** to administratively close this case pending further order of the Court.  Though administratively closed, the parties are directed to notify the Court at the conclusion of the criminal appeal.

Additionally, Plaintiffs' Third Motion for Summary Judgment (Dkt. # 62) is **DENIED WITHOUT PREJUDICE TO REFILING** pending the

11

resolution of Defendant's direct appeal.  Defendant's Motion to Defer

Consideration of Plaintiff's Motion for Summary Judgment (Dkt. # 70) is

**DENIED AS MOOT**.  Defendant's Motion for Leave to File Corrected

Declaration of Minerva Alcorta (Dkt. # 72) is **DENIED AS MOOT**.  Plaintiffs'

Motion to Strike Declarations of Trudy Moore, Lisa Leverett and Priscilla Ceballos

(Dkt. # 73) is **DENIED AS MOOT**.

        **IT IS SO ORDERED.**

        **DATED:** San Antonio, Texas, October 25, 2016.

David Alan Ezra
Senior United States Distict Judge